UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

HEATHER KELLY,

                                          Plaintiff,

    v.

WELLS FARGO BANK NATIONAL                                     3:19-CV-1366
ASSOCIATION SECURITIZED ASSET                                 (MAD/ATB)
BACKED RECEIVABLE MORTGAGE
PASS THROUGH CERTIFICATE - WELLS
FARGO 101, et al.,

                                          Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

HEATHER KELLY, Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil complaint, together with an amended application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Heather Kelly.[1] (Dkt. Nos. 1, 8). The court has reviewed the plaintiff's amended IFP application and finds that plaintiff has demonstrated sufficient economic need. Therefore, plaintiff has met the financial criteria for proceeding IFP.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

---

[1] Plaintiff's original motion to proceed IFP, (Dkt. No. 2), was incomplete. On November 13, 2019, I stayed her motion and allowed her to submit additional information regarding her income. (Dkt. No. 6). Plaintiff filed the amended motion on January 3, 2020. (Dkt. No. 8).

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

II. **Complaint**

In her complaint, plaintiff sues Wells Fargo Bank ("Wells Fargo"); Fremont Investment and Loan ("Freemont"); and Hon. Joseph F. Cawley, Supreme Court Judge in Broome County, New York. (Complaint ("Compl.") at 1). Plaintiff alleges that she

2

had a mortgage on real property with Fremont. (Compl. ¶ 4). Plaintiff states that Fremont "sold" the loan to Wells Fargo. Plaintiff states that Wells Fargo initiated a foreclosure proceeding in Supreme Court, Broome County, which was still pending at the time plaintiff filed this action. (Compl. ¶ 1, 16).

Plaintiff states several convoluted reasons why the state court lacks jurisdiction and why defendant Cawley has acted "negligently" in presiding over the New York State Court action. (Compl. *generally*). Plaintiff asserts that the foreclosure is "illegal." (*See* Compl. ¶ 39). Plaintiff asserts four "Causes of Action:" (1) Negligence; (2) Gross Negligence; (3) Wilful Misconduct; and (4) Conspiracy to Fraudulently Transfer Assets. (Compl. ¶¶ 35-62). Plaintiff seeks substantial monetary relief.

## III. <u>Judicial Immunity</u>

### A. Legal Standards

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although

3

judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

    **B.**    **Application**

Even though plaintiff has named Fremont and Wells Fargo as defendants, her primary issues involve Judge Cawley's handling of the foreclosure action, which plaintiff alleges is still pending in New York State Supreme Court. In her first cause of action, she states that she "declared the disparities of issue to Defendant," but that the defendant "presided [over], operated, and continued proceedings after plaintiff's articulation of disparities." (Compl. ¶ 36). Clearly, plaintiff is angry because defendant Cawley continued to "preside" over the case even after plaintiff declared that the case should be dismissed. Plaintiff further states that defendant Cawley "breached his duty to Plaintiff [by] failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that would foreseeably [sic] lead to an illegal eviction."[2] (Compl. ¶ 38). Plaintiff claims that Judge Cawley is "guilty of prejudicial and bias behavior pursuant to 28 U.S.[C. § 144]."[3]

Plaintiff's second, third, and fourth causes of action similarly focus on the actions of defendant Cawley, stating inter alia, that on October 22, 2019, "Defendant continued to supervise proceedings that were and are improper." (Compl. ¶ 45 - Second Cause of Action). "Defendant knew that ignoring Plaintiff's motions would result in an illegal foreclosure." (Compl. ¶ 50 - Third Cause of Action). In her fourth cause of action,

---

[2] Plaintiff is also concerned that the tenants in her rental property will be evicted and "face destitution." (Compl. ¶ 41).

[3] 28 U.S.C. § 144 provides that whenever a party to a proceeding makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, the judge will recuse him or herself. This section applies to federal judges.

4

plaintiff states that the defendant judge "conspired to exercise jurisdiction over a property that she [sic] cannot legally rule on" and accused the defendant of "bias[ed] behavior." (Compl. ¶ 60).

Defendant Cawley would be entitled to judicial immunity for all the acts alleged by plaintiff. In the "Background" section of her complaint, plaintiff describes actions taken by defendant Cawley and his staff in court. (Compl. ¶¶ 6-13). After describing the scene in the courtroom and claiming that plaintiff overheard one of the staff tell the "Court Officer" that the case was "'off the record,'" plaintiff stated that defendant Cawley told plaintiff that he did not "need" to see her paperwork. (*Id.*)

There is no plausible basis for plaintiff's allegations that defendant Cawley should not have been presiding over the foreclosure action, apparently brought by Wells Fargo. Rather, she is just unhappy because defendant Cawley did not accept her arguments. In her federal complaint, plaintiff lists the arguments that she wished to make before defendant Cawley. (Compl. ¶ 20). She cites laws from Michigan, and appears to have wished to argue for dismissal of Well's Fargo's foreclosure action in Broome County Supreme Court because the "District Court"[4] is an "improper venue" for a "trust matter," the defendant failed to serve all parties in the matter, the court lacks jurisdiction over the property, and the court lacked jurisdiction over the subject matter. (Compl. ¶ 20) (citing MI Rules ("MCR") § 2.116(C)(1), (C)(2), (C)(3), and (C)(4)).[5]

---

[4] Plaintiff presumably means the New York State Court in this action. The "District Court," to which plaintiff referred in New York State Supreme Court, is the trial-level state court in Michigan. The is court is unsure why plaintiff is relying upon inapplicable Michigan law.

[5] The court notes that these sections of the Michigan Court Rules are entitled "Summary Disposition."

5

There is no plausible basis for plaintiff's suggestion that Judge Cawley acted in the foreclosure action in the absence of jurisdiction. Plaintiff may not pursue this action against defendant Cawley because he is entitled to absolute immunity for the judicial conduct that plaintiff is alleging against him.

## IV. Wells Fargo and Fremont

Plaintiff makes absolutely no claims against defendant Fremont. Plaintiff states that her mortgage was originally with Fremont, and that the mortgage was sold at some unidentified time, to Wells Fargo. (Compl. ¶ 4). Plaintiff states that the sale was "allegedly . . . agreed upon," and never mentions Fremont again. Plaintiff does not claim that Fremont was involved in the foreclosure or any "illegal" activities. Thus, this court must recommend dismissing the action without prejudice against Fremont because there is no allegation of wrongdoing by this defendant, and therefore, no subject matter jurisdiction has been alleged.

### A. Abstention

#### 1. Legal Standards

In *Carty v. Wells Fargo Bank*, No. 8:18-CV-1165, 2019 WL 2475953, at *3-4 (N.D.N.Y. June 13, 2019), the court held that a federal court should abstain from exercising jurisdiction when (1) there is a pending state proceeding; (2) the state proceeding implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for review of his or her federal constitutional claims. This form of abstention is based on *Younger v. Harris*, 401 U.S. 37, 53-54 (1971) and applies to bar federal courts from exercising jurisdiction over "pending state court foreclosure actions." *Id.* at *4 (citing inter alia *Santana v. Fed.*

*Nat'l Mortg. Ass'n*, No. 15-CV-1424, 2016 WL 3149731, at *2 (N.D.N.Y. June 3, 2016) (collecting cases)).

### 2. Application

There is a pending state foreclosure proceeding. A foreclosure action qualifies as a civil proceeding that implicates the State's interest in enforcing its orders and the judgments of its courts, and plaintiff has the opportunity for review of her claims in state court.[6] *Newman v. Wells Fargo Bank, N.A.*, No. 18-CV-2175, 2019 WL 5694334, at *4 (E.D.N.Y. July 10, 2019) (Rep't-Rec) (citing *Plotch v. Wells Fargo Bank, N.A.*, No. 2018 WL 344967, at *2 (E.D.N.Y. Jan. 9, 2019), *aff'd*, 758 F. App'x 221 (2d Cir. 2019)).

Plaintiff's claims against Wells Fargo are that the bank should not have initiated the foreclosure proceeding and perhaps that, after doing so, Wells Fargo "conspired" or is "conspiring" with defendant Cawley to "Fraudulently Transfer Assets." with "actual intent" to defraud plaintiff. (Compl. ¶¶ 58-62). It does not appear that plaintiff is asking the court to enjoin the state court proceeding because her prayer for relief asks only for damages. However, if plaintiff were asking for such relief, the court would have to abstain from considering her claims.

---

[6] Plaintiff claims that the court would not accept her "paperwork," but plaintiff may raise any issues that she has with the court's handling of her case on appeal if necessary. In any event, to the extent that the foreclosure action has become final, this action would be barred by the *Rooker-Feldman* doctrine which precludes federal courts from hearing cases brought by those who lost in state court and invite the federal court to review and reject those judgments. *Carty, supra*. 2019 WL 2475953, at *5 (citations omitted). *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In *Carty*, the court stated that courts in this Circuit have "consistently" held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine. *Id.* (quoting *Feinstein v. The Chase Manhattan Bank*, No. 06-CV-1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006) (additional citations omitted).

7

In *Santana*, the court also held that *Younger* abstention does not apply to claims for monetary damages. If plaintiff stated a damage claim, the court would have to stay the plaintiff's claims for damages. *Santana*, 2016 WL 3149731, at *2 (citing *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000). The court will proceed to consider this plaintiff's damage claims to determine whether a stay would be appropriate.

### B. Subject Matter Jurisdiction

#### 1. Legal Standards

##### a. Federal Question

The federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. This is referred to as "Federal question jurisdiction." *Id.*

##### b. Diversity

Diversity jurisdiction is based upon 28 U.S.C. § 1332 and requires that the plaintiff and defendant(s) be citizens of different states and that there be at least $75,000 in controversy.

#### 2. Application

Plaintiff has asserted "federal question" jurisdiction under 28 U.S.C. § 1331. However, there is no federal claim asserted against Wells Fargo. The plaintiff alleges no constitutional claims against Wells Fargo and cites no federal law that the defendant has allegedly violated.

Plaintiff's fraud claim is a state court cause of action which the court could review under diversity jurisdiction. While plaintiff has listed Wells Fargo's address as

Sioux Falls, South Dakota, and Fremont is apparently headquartered in California, Judge Cawley is a citizen of New York. In order to properly assert diversity jurisdiction, diversity must be complete. None of the defendants may be a citizen of the same state as the plaintiff. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Thus, the court does not have diversity jurisdiction over this action.[7]

## V. **Opportunity to Amend**

### A. **Legal Standards**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. **Application**

The court finds that any attempt by the plaintiff to amend this complaint for damages as against the state court judge would be futile. The court will recommend dismissing with prejudice as against Judge Cawley based on judicial immunity, without

---

[7] The court notes that, even if the court had diversity jurisdiction, the only cause of action that includes alleged conduct by defendant Wells Fargo is plaintiff's fourth cause of action in which plaintiff's claims conspiracy to "fraudulently transfer assets." In order to properly assert a fraud claim under New York law, plaintiff would have to show that defendant made a representation or omission of material fact, which was false and known by the defendant to be false, made for the purpose of inducing the other party to rely on it, justifiable reliance by the plaintiff, and injury. *Lama Holding Co. v. Smith Barney*, Inc., 88 N.Y.2d 413, 421 (1996) (citations omitted). In this case, in addition to plaintiff's claims that the judge refused to accept her paperwork, plaintiff has only alleged that the state court was an "improper venue" for the proceeding, that the "Defendant" failed to properly serve all the parties, that the court lacked jurisdiction over the property, and the court lacked jurisdiction over the subject matter. (Compl. ¶ 20). Plaintiff's allegations do not state a claim of fraud. As stated above, plaintiff is simply upset with the state court proceeding and believes that it was improperly brought and the judge is biased against her. Thus, to the extent that the court had "diversity jurisdiction," plaintiff has failed to state a claim under New York law.

an opportunity to amend. To the extent that plaintiff's complaint can be interpreted as a request to stay the state court action, the court should abstain from exercising jurisdiction under *Younger*, and no amendment would change that outcome. The court will recommend dismissing plaintiff's damage claims as against Wells Fargo and Fremont without prejudice, but without the opportunity to amend, for lack of subject matter jurisdiction.

**WHEREFORE**, based on the findings above it is

**ORDERED**, that plaintiff's amended motion to proceed IFP (Dkt. No. 8) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as barred by absolute immunity as against Judge Cawley, and it is

**RECOMMENDED**, that to the extent the complaint may be interpreted as a request to stay the state court proceedings, the court abstain from doing so under *Younger*, and the action be **DISMISSED**, and it is

**RECOMMENDED**, that the plaintiff's claims for damages be **DISMISSED WITHOUT PREJUDICE**, but without the opportunity to amend as against Wells Fargo and Fremont, for lack of subject matter jurisdiction**.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 10, 2020

Andrew T. Baxter
U.S. Magistrate Judge