UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

HEATHER KELLY,

                                    Plaintiff,

   vs.                                                   3:19-CV-1366
                                                            (MAD/ATB)

WELLS FARGO BANK NATIONAL
ASSOCIATION SECURITIZED ASSET
BACKED RECEIVABLE MORTGAGE
PASS THROUGH CERTIFICATE - WELLS
FARGO 101, et al.,

                                    Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

**HEATHER KELLY**
38 Avon Street
Johnson City, New York 13790
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

     Plaintiff commenced this action *pro se* on November 5, 2019, against Wells Fargo Bank National Association Securitized Asset Backed Receivable Mortgage Pass-Through Certificate-Wells Fargo 101 ("Wells Fargo"), Fremont Investment and Loan ("Fremont"), and Hon. Joseph F. Cawley, Supreme Court Judge in Broome County, New York. *See* Dkt. No. 1 at 1. Plaintiff alleges that she had a mortgage agreement with Defendant Fremont and Fremont subsequently "sold the loan" to Defendant Wells Fargo. *See* Dkt. No. 1 at ¶ 4. Plaintiff states that Defendant Wells Fargo initiated a foreclosure proceeding in Supreme Court, Broome County, which is still pending. *See id.* at ¶¶ 1, 16.

Further, Plaintiff claims Defendant Cawley has acted "negligently" in presiding over the foreclosure action. *See id.* Specifically, Plaintiff alleges that the foreclosure is illegal and "Defendant Joseph F. Cawley possessed a duty of care to dismiss the claim of the lower court defendant" based on all the "defects" Plaintiff presented. *Id.* at ¶ 23. Plaintiff asserts four "Causes of Action": (1) "Negligence," (2) "Gross Negligence," (3) "Willful Misconduct," and (4) "Conspiring to Fraudulently Transfer Assets." *See id.* at ¶¶ 35-62. Plaintiff seeks substantial monetary relief. *See id.* at 10.

On January 10, 2020, Magistrate Judge Andrew T. Baxter issued an Order and Report-Recommendation granting Plaintiff's IPF application, and recommending that Plaintiff's Complaint be **DISMISSED** for judicial immunity, abstention under *Younger v. Harris*, 401 U.S. 37 (1971), and lack of subject matter jurisdiction. *See* Dkt. No. 9 at 10. Neither party objected to the Order and Report-Recommendation.

## II. DISCUSSION

A.     **Standard of Review**

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

an action *in forma pauperis*." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Thus, although the court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine whether the plaintiff may properly proceed with this action.

**B.     Judicial Immunity**

Judges are afforded absolute immunity from suit for actions related to the exercise of their judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Judges maintain judicial immunity "even when [the] judge is accused of acting maliciously and corruptly." *Id.* at 554.

3

Judicial immunity is only defeated by "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity;" or "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted).

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). This immunity is "from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citation omitted). The 1996 amendments to Section 1983 further barred injunctive relief and provided that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996); *see also Montero v. Travis*, 171 F.3d 757 (2d Cir. 1999). Therefore, a judge is immune from all forms of suit unless he or she has acted either beyond the judge's judicial capacity, or "in the complete absence of all jurisdiction." *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 711 (S.D.N.Y. 2011) (citing *Mireles*, 502 U.S. at 11, 112 S. Ct. 286).

As Magistrate Judge Baxter acknowledges, Defendant Cawley is entitled to judicial immunity for all acts alleged by Plaintiff. *See* Dkt. No. 9. at 6. In the "Background" section of her complaint, Plaintiff describes an interaction in the courtroom between herself and Judge Cawley. *See* Dkt. No. 1 at ¶¶ 6-13. Plaintiff's recount of the interaction does not suggest that Judge Cawley acted in absence of jurisdiction. *See Ceparano v. Southampton Justice Court*, 404 Fed. Appx. 537, 539 (2d Cir. 2011). Accordingly, the Court finds that Magistrate Judge Baxter correctly determined that Defendant Cawley is entitled to absolute judicial immunity.

4

C.  **Defendant Fremont**

Plaintiff states no claim against Defendant Fremont. The only mention of Fremont in Plaintiff's complaint comes with regard to Fremont being the original holder of Plaintiff's mortgage, and Fremont "sold the loan, allegedly that was agreed upon." Dkt. No. 1 at ¶ 4. Plaintiff never alleges any wrongdoing on the part of Fremont. Therefore, the action against Fremont is dismissed without prejudice.

D.  **Defendant Wells Fargo**

*1. Younger* **Abstention**

Federal courts have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia*, 19 U.S. 264 (1821). The Supreme Court has recognized a limited exception to this general rule, holding that federal courts should abstain from exercising jurisdiction over suits to enjoin pending state criminal proceedings, absent a showing of bad faith, harassment, or a patently invalid state statute. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Although *Younger* itself dealt only with a pending criminal proceeding, "*Younger* abstention has been extended to civil proceedings and state administrative proceedings, so long as the state court has a means of reviewing constitutional claims." *Cecos International, Inc. v. Jorling*, 895 F.2d 66, 70 (2d Cir. 1990) (citations omitted).

As noted by the Sixth Circuit, "*Younger* cases generally have a common procedural posture." *Devlin v. Kalm*, 594 F.3d 893, 894 (6th Cir. 2010). "'In the typical *Younger* case, the federal plaintiff is a defendant in ongoing or threatened state court proceedings seeking to enjoin continuation of those state proceedings. Moreover, the basis for the federal relief claimed is generally available to the would-be federal plaintiff as a defense in the state proceedings.'" *Id.* at 894-95 (quoting *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 30 (6th Cir. 1984)).

The Second Circuit has instructed that "*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo v. New York State Com'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). However, the Supreme Court held that *Younger* abstention does not extend to "all parallel state and federal proceedings" that meet those three conditions, even "where a party could identify a plausibly important state interest." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81 (2013). Instead, the *Younger* doctrine applies only to three classes of parallel proceedings: (1) "pending state criminal proceeding[s];" (2) "particular state civil proceedings that are akin to criminal prosecutions;" and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 72-73; *see also In re Standard & Poor's Rating Agency Litigation*, 23 F. Supp. 3d 378, 409 (S.D.N.Y. 2014).

"Courts have routinely concluded that a pending state court foreclosure proceeding falls within the third category articulated in *Sprint* – a civil proceeding that implicates a states interest in enforcing the orders of its courts." *Plotch v. Wells Fargo Bank, N.A.*, No. 17–CV–309, 2018 WL 344967, *2 (E.D.N.Y. Jan. 9, 2018), *aff'd*, 758 Fed. Appx. 221 (2d Cir. 2019); *see also Santana v. Federal Nat'l Mortg. Ass'n*, No. 15–CV–1424, 2016 WL 3149731, *2 (N.D.N.Y. June 3, 2016) (collecting cases). "However, the Court must first determine whether the state-court foreclosure proceeding is in fact pending." *Santana*, 2016 WL 3149736, at *2.

According to Plaintiff's complaint, a "civil action" involving at least some of the parties present in this current action "is currently still active in District Broome County Court where it was given docket number EFCA2018001367." Dkt. No. 1 at ¶ 1. The state court action involves a foreclosure action initiated by Defendant Wells Fargo against Plaintiff. *See id.* at ¶¶ 14, 16. A

foreclosure action falls under the third category articulated in Sprint, and as the action is pending, this Court cannot exercise jurisdiction over the state action. *See Plotch*, 2018 WL 344967, at *2.

### 2. Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in question exceeds $75,000. A party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction's existence within a reasonable probability. *See Pucci v. Brown*, 423 Fed. Appx. 77, 77-78 (2d Cir. 2011). It is well established that the Court may raise the question of jurisdiction *sua sponte*, and that where jurisdiction is lacking, "dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also* Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction exists only if there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.[2] *See* 28 U.S.C. § 1332(a). It is well settled that "a case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schact*, 524 U.S. 381, 388 (1998).

Plaintiff asserted federal question jurisdiction under 28 U.S.C. § 1331. *See* Dkt. No. 1 at ¶ 2. However, nowhere in her complaint does Plaintiff allege a federal claim against Defendant

---

[2] "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994).

Wells Fargo. Further, although Plaintiff never asserts diversity jurisdiction under 28 U.S.C. § 1332, both Plaintiff and Defendant Cawley are citizens of New York.[3] *See id.* at 1. Therefore, the Court has neither federal question jurisdiction nor diversity jurisdiction over Plaintiff's claims.

### D. Opportunity to Amend

Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his or her action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the deficiencies in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

As emphasized by Magistrate Judge Baxter, any attempt by Plaintiff to amend this complaint, with regard to all issues discussed above, would be futile. *See* Dkt. No. 9 at 9-10. Therefore, the Court agrees with Magistrate Judge Baxter and Plaintiff's action will be dismissed with prejudice as against Judge Cawley based on judicial immunity, without an opportunity to amend. The Court will also abstain from exercising jurisdiction under *Younger*. And, the Court will dismiss Plaintiff's claims against Wells Fargo and Fremont without prejudice, but without the opportunity to amend, for lack of subject matter jurisdiction.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's January 10, 2020 Order and Report-Recommendation is **ADOPTED** in its entirety; and the Court further

---

[3] Plaintiff lists the headquarters for Defendant Wells Fargo in South Dakota and Defendant Fremont in California.

**ORDERS** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as to Defendant Cawley; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**, but without the opportunity to amend, as against Wells Fargo and Fremont, for lack of subject matter jurisdiction; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case.

**IT IS SO ORDERED.**

Dated: February 18, 2020
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge